IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MALCOLM C. MACK                                                                PETITIONER

v.                            Case No. 4:24-cv-04016

SHERIFF WAYNE EASLEY                                RESPONDENT
Sheriff of Miller County

**REPORT AND RECOMMENDATION**

On February 20, 2024, Malcolm C. Mack ("Mack") filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. Connie Mitchell, Prosecuting Attorney for the 8th Judicial District-South ("Prosecuting Attorney") filed a Response on April 23, 2024, on behalf of Respondent, Sheriff Wayne Easley. ECF No. 11 and 12. This matter is now ripe for consideration.

The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition and Response and finds the Petition should be **DENIED.**

**I. Procedural Background[2]**

In his Petition Mack indicates he is being held on orders by "State Authorities" in the Miller County Detention Center ("MCDC") as a pretrial detainee. ECF No. 1, p. 1. He states he is challenging "Rule 8.6 Time for Filing Charges, Rule 60", but is not challenging the validity of any conviction or sentence. *Id.* at pp. 2-3. It appears he was in custody in the MCDC at the time he filed the instant petition. He goes on to explain his Petition in part as follows:

---

[1] A review of the Petition shows Mack is asking to be released from the Miller County Detention Center. Accordingly, the Court considers the Petition as one filed pursuant to 28 U.S.C. § 2254.
[2] The Procedural Background is taken from the docket and the pleadings filed in this case.

>…I haven't been convicted or sentence. Miller County Detention WARDEN went out of her way to make sure charges were pressed against me for defending myself against a correctional officer…
>
>GROUND ONE: I was issued an F.T.A by Miller County because I was already detained in Bowie County Annex Facility from Aug 28 to Nov 10. Were I was directly transported to Miller County. I haven't seen a judge about my F.T.A since November 10, 2023…On December 12, 2023 I took a Plea Deal for 4 years Probation on my original charge. They took the offer off the table. Made me stay in jail until they press charges against me on December 29, 2022. The circuit court didn't file my court document in 60 days which is a Rule 60. I haven't been indicted on my original charge either…
>
>GROUND TWO: On December 29, 2023 charges of 2nd degree battery was pressed against me for me defending myself against a correctional officer…
>
>GROUND THREE: Warden Walker threaten me on December 7, 2023 in the hallway by her office telling me she would make sure I got new charges. Telling me in her exacts words "were gonna see what the judge has to say about it…
>
>GROUND FOUR: The circuit court failed to file the documents in time. The prosecutor didn't file also in time…The charge of Possess controlled substance VI wasn't filed in 60 days by the circuit court. Rule 8.6.

ECF No. 1, pp. 4-9. Mack requests the following relief, "That these cases be dismissed with prejudice. I need to be released from Miller County. Because I've been in jail almost 87 days in Miller County on a F.T.A. When I was already in jail in another county. Haven't seen a judge since Nov 10, 2023. The 2nd degree hasn't been filed. Also, requesting Imunity over this county". *Id.* at p. 9.

The Prosecuting Attorney filed a Response, on behalf of the Respondent, as directed by the Court on April 23, 2024.[3]  ECF No. 11 and 12.  Respondent provided numerous records from Miller County Arkansas with the Response. ECF No. 11 at pp. 4-17. Based on the Response and records provided, Mack was arrested on June 13, 2023, for the offenses of Possession of a Schedule VI Controlled Substance and Fleeing by Foot. *Id.* at pp. 4-6. He posted a professional bond on

---

[3] On March 14, 2024, the Court ordered the Sheriff of Miller County, the Prosecuting Attorney of Miller County, and the Attorney General of the State of Arkansas to file a Response to Mack's Petition.  ECF No. 7.

June 16, 2023. *Id.* at p. 7. On August 16, 2023, Mack was formally charged in Case Number 46CR-23-484 with the single offense of Possession of a Schedule VI Controlled Substance. *Id.* at p. 8.

Mack failed to appear on September 12, 2023, as directed by the Court, and a warrant for Failure to Appear was issued in Case Number 46CR-23-484. Mack was served the Failure to Appear warrant on November 10, 2023, and detained in the MCDC. *Id.* at p. 10. His bond was surrendered by J.E. Bonding, Inc. on December 7, 2023. *Id.* at p. 11.

During his detention in the MCDC, there was a physical altercation between Mack and a Correctional officer employed by the MCDC. Mack was arrested on December 28, 2023, for the offense of Battery 2nd in CCVN 23-001207. *Id.* at pp. 12-14. Upon review of the case file received from the Miller County Sheriff's Office, CID division, a determination was made to decline prosecution of the charges of Battery 2nd. A Do Not File letter was signed by the Prosecuting Attorney on March 1, 2024, in reference to CCVN 23-001207. *Id.* at p. 15.

On March 25, 2024, Mack pled guilty to the offense charged in Case Number 46CR-23-484, was placed on 36 months probation, and released from custody. *Id.* at pp 16-17. Mack has not been in the custody of the MCDC since that date.

## II. Applicable Law

Federal courts may only adjudicate actual, ongoing cases or controversies. *Americans United for Separation of Church and State v. Prison Fellowship Ministries Inc.,* 509 F.3d 406, 420-21 (8th Cir. 2007) (citing *Haden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000)); *Potter v. Norwest Mortgage, Inc.,* 329 F.3d 608, 611 (8th Cir. 2003). If an event occurs during the proceedings which precludes the court from granting any meaningful relief to the party who initiated the action, there is no longer an ongoing case-or-controversy, the action is moot, and the case must be dismissed. *In re Security Life Insurance Co. of America,* 228 F.3d 865, 869-70 (8th

Cir. 2000) (citing *In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996), cert. denied, 519 U.S. 980 (1996)); *Potter,* 329 F.3d at 611 ("When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.")

Where an incarcerated person petitions for issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, but the petition is not addressed until after the petitioner has been released from custody, a reviewing court must first determine if a case-or-controversy under Article III, § 2, of the United States Constitution still exists which would allow the court to consider the petitioner's claims or if the petition must be dismissed as moot. *Spencer v. Kemna,* 523 U.S. 1 (1998). In the event 28 U.S.C. § 2254 relief is sought an incarcerated petitioner's claims are naturally part of an ongoing case-or-controversy because a successful writ of *habeas corpus* can provide meaningful relief in the form of release from prison. *Id.* at p. 1.

However, when a petitioner is released from custody and his or her *habeas* petition remains pending, the petition must contain claims that if granted would still provide some genuine benefit to the petitioner outside of release from custody, or the case must be summarily dismissed without additional consideration of the substantive allegations made. *Id. See also, Copley v. Keohane,* 150 F.3d 827, 829-30 (8th Cir. 1998) (finding a *habeas* petition moot after petitioner was conditionally released from custody).

### III. Discussion

Section 2254 provides for relief for persons who are "in custody" of a state official in violation of the United States Constitution or laws of the United States. Here, Mack was released from custody by the Respondent on March 25, 2024. Accordingly, this Court must consider

whether there remains any live case or controversy in the Petition which can properly be redressed following his release.

In *Spencer*, the Supreme Court considered whether a writ of *habeas corpus* challenging only a parole revocation and not the underlying conviction, filed by a petitioner no longer in custody by the time the matter came before the federal district court, met the so-called case-or-controversy requirement. *Spencer,* 523 U.S. at 7. While the Court noted a petitioner's incarceration status for purposes of meeting in the "in custody" provision of 28 U.S.C. § 2254 is considered only at the time a petition is filed – rendering any subsequent release irrelevant – a petitioner's custody status must be considered when addressing "[t]he more substantial question: of "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.*

The *Spencer* Court specifically found an ongoing case-or-controversy could exist where a *habeas* petition remained pending after a petitioner's release from custody if the petition contained challenges to the petitioner's underlying criminal conviction. *Id.* Conversely, a "[h]abeas petition cannot rely on the collateral consequences of a wrongful criminal conviction to save his case from mootness if he is not actually challenging the validity of his conviction." *Spencer,* 523 at p. 7. Here, Mack is not challenging any conviction as the charges against him for Battery 2nd have been dismissed and he pled guilty to the other offense conduct.

Moreover, Mack cannot rely on any collateral consequence of his March 25, 2024, guilty plea for Possession of a Controlled Substance. As a result of the guilty plea Mack was placed on 36 months probation. A petitioner's alleged failure to complete supervised release, even if it could somehow be used against him in a future revocation proceeding or future criminal case, is an insufficient collateral consequence for creation of a live case or controversy. *See Spencer* at p. 14.

Once he was released from the custody of the MCDC, no further case or controversy existed between Mack and the Respondent in this case and his Petition is moot.

IV.     **Conclusion and Recommendation**

For the reasons set forth above, Mack's Petition should be denied as moot. Accordingly, the Court recommends the Petition (ECF No. 1) be **DENIED** and dismissed with prejudice.[2]

The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **29th day of April 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).